## KIDD v. AMERICAN COTTON FIBER CO. et al. (two cases).
### Nos. 993, 1003.

District Court, W. D. Tennessee, W. D.
May 24, 1929.

Wilson, Gates & Armstrong, of Memphis, Tenn., Gillson, Mann & Cox, of Chicago, Ill., and Johnston & Jennings, of Birmingham, Ala., for plaintiff.

Chandler, Shepherd & Owen, of Memphis, Tenn., and Cornwall, Bedell & Janus, of St. Louis, Mo., for defendants.

ANDERSON, District Judge.

The court finds:

(a) That the Kidd patents are both valid and infringed.

(b) That the Redus patent is neither valid nor infringed.

The overwhelming proof is that Kidd had reduced his second patent to practice before Redus disclosed his alleged patent to any outsider.

Taking from the two machines all that is common to the prior art, everything in the Redus machine is copied from the Kidd machine.

The proof shows that Kidd was the first to so modify the hammer mill as to effectively, economically, and efficiently produce high-class fiber from cotton-seed hulls. There is nothing basic in his patent, but the patent discloses ingenuity in taking old mechanical means and principles and constructing a machine that effectively produced a long desired and sought for result. The result obtained by Kidd was generally recognized in the fiber trade, and by manufacturers of machines designed for the same purpose.

The proof is also overwhelming—both by direct proof and by inference—that Redus copied his machine bodily from Kidd. In other words, Kidd had disclosed his machine, built his machine, operated his machine, and shown his machine with great gusto and pride to everybody who would look at it, and the trade had recognized the effectiveness of his machine, at the time Redus obtained his patent. Redus had been employed at the place where Kidd was working on his machine, was an employee of Kidd, and the inference is ir-

resistible when we find Redus, within a short time of leaving Kidd's employ, producing and patenting the same machine, that Redus took the idea bodily from Kidd's disclosed and operating machine.

Let a decree in accordance with this opinion be drawn and entered.